SO ORDERED. 

Dated: March 02, 2010

*Charles G. Case*
CHARLES G. CASE, II
U.S. Bankruptcy Judge

Ronald M. Horwitz, #005655
Janessa E. Koenig, #018618
**JABURG & WILK, P.C.**
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000
jek@jaburgwilk.com

Attorneys for Wells Fargo Bank, N.A.

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| CURTIS KEITH KIMBALL and KENDALL EASTON KIMBALL, | Case No. 09-bk-18264-CGC |
| Debtors. | Adversary No. 2:10-ap-00254-CGC |
| CURTIS KEITH KIMBALL and KENDALL EASTON KIMBALL, | **ORDER REGARDING AVOIDANCE OF LIEN HELD BY WELLS FARGO BANK, N.A.** |
| Plaintiffs vs | Subject Property: Parcel 4C Springs Valley Road Parks, AZ |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

Pursuant to the Stipulation Regarding Avoidance of Lien Held by Wells Fargo Bank, N.A. entered into by and between Curtis K. Kimball and Kendall E. Kimball (hereinafter referred to as "Debtors"), and Wells Fargo Bank, N.A. (hereinafter referred to as "Wells Fargo"), and good cause appearing therefore,

IT IS HEREBY ORDERED AS FOLLOWS:

1. Debtors Curtis Kimball and KJ Kimball are the makers of a SmartFit Home Equity Account Agreement and Disclosure Statement dated November 17, 2005, under which Debtors received a line of credit from Wells Fargo in the principal amount of $46,250.00 ("the Note"), which is secured by a second position Deed of Trust ("Second Deed of Trust") in favor of Wells Fargo dated November 17, 2005, and recorded on November 22, 2005 with the Coconino County Recorder's Office at Instrument No.

13016-90726/JEK/JEK/785380_v1

20053001742290, Document No. 3356052, encumbering the real property located at Parcel 4C Spring Valley Road, Parcel No. 203-46-004 (the "Subject Property"). The Subject Property is more fully and legally described on Exhibit A to the Second Deed of Trust. The Note and Second Deed of Trust are collectively referred to hereinafter as the "Subject Loan."

  2. Wells Fargo's claim secured by the Second Deed of Trust shall be treated, classified and allowed as a non-priority general unsecured claim in the Debtors' Chapter 11 Plan, SUBJECT TO THE FOLLOWING CONDITIONS:

    A. The avoidance of Wells Fargo's Second Deed of Trust is contingent upon the confirmation of the Debtors' Chapter 11 plan;

    B. The avoidance of Wells Fargo's Second Deed of Trust is contingent upon the Debtors' full performance and completion of their Chapter 11 plan; and

    C. The avoidance of Wells Fargo's Second Deed of Trust is contingent upon the Debtors' receipt of a Chapter 11 discharge.

  3. Upon receipt of the Debtors' Chapter 11 discharge and completion of their Chapter 11 Plan, Wells Fargo shall, after receipt of notice of said discharge, promptly record a reconveyance of its Second Deed of trust against the Subject Property with the Maricopa County Recorder's Office;

  4. Wells Fargo shall retain its lien for the full amount due under the Subject Loan and Second Deed of Trust, and Wells Fargo's lien shall not be avoided, and Wells Fargo's claim shall be treated as a secured claim, in the event of either the dismissal of the Debtors' Chapter 11 case or the conversion of the Debtors' Chapter 11 case to any other Chapter under the United States Bankruptcy Code;

  5. In the event that the holder of the first lien on the Subject Property forecloses on its security interest and extinguishes Wells Fargo's Second Deed of Trust prior to the Debtors' completion of their Chapter 11 Plan and receipt of a Chapter 11 discharge, Wells Fargo's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the Subject Loan balance at the time of the sale;

13016-90726/JEK/JEK/785380_v1

6. The Debtors may petition the Court for a release of Wells Fargo's lien prior to discharge by appropriate separate application to the Court, with notice to Wells Fargo and to its counsel, in the event of a sale or refinancing of the Subject Property;

7. Each party shall bear their own attorneys' fees and costs incurred in the present adversary case number 2:10-ap-00254 and bankruptcy case number 2:09-bk-18264-CGC; and

8. The terms of this Order shall be incorporated by reference in an Order confirming the Debtors' Chapter 11 Plan in bankruptcy case number 2:09-bk-18264-CGC.

DATED this _____ day of _____, 2010.


_____
Honorable Charles G. Case, II